IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES-DAVID DUCKER, | § | |
| #00913656, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-2546-B-BK |
| | § | |
| FELICIA PITRE, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. BACKGROUND

In 2000, James-David Ducker pled guilty to aggravated sexual assault of a child and was sentenced to life imprisonment. *Ducker v. State*, No. F99-36899. His conviction and sentence were affirmed on direct appeal. *Ducker v. State*, 45 S.W.3d 791 (Tex. App.--Dallas 2001, no pet.). Ducker unsuccessfully sought state and federal habeas relief. *Ex parte Ducker*, No. 62,764-01 (Tex. Crim. App. Jan. 25, 2006); *Ducker v. Quarterman*, No. 3:07-CV-1640-M, 2008 WL 355520, at *1 (N.D. Tex. Feb. 1, 2008) (accepting magistrate judge's recommendation to dismiss federal habeas petition as time barred).

Ducker has now filed two pleadings, both titled *Petition for Constructive Trust Based on Fraud*, which have been docketed respectively as a petition for writ of mandamus and a brief in support.  Doc. 3; Doc. 4.  Ducker has also filed a motion for *Subpeona [sic] on Parties/Service on Parties Requested*.  Doc. 5.  The pleadings are difficult to decipher, largely nonsensical, and littered with jargon that appears to derive from the so-called "sovereign citizen movement."  Ducker also makes scurrilous and delusional allegations stemming from his underlying state conviction in Case No. F99-36899.  Doc. 3 at 1; Doc. 4 at 1-2.  He names as defendants Dallas County District Clerk Felicia Pitre, the Dallas County Criminal District Court, his former Defense Attorney Jan E. Hemphill, the Dallas County District Attorney ("DA") John Cruezot, Assistant DA Maria Briner, Judges Janice Lough Warder and Robert D. Burns, and the grand jury panel members in Case No. F99-36899.  Doc. 3 at 1, 6, 8; Doc. 4 at 1-2.

Ducker asserts that his *Petition for Constructive Trust* is based in "equity" and originates from "a contracted fiduciary duty" owed to him by the State "to remove all clouds on my perfected title on the debtor-property of trust James David Ducker," which he alleges is "a copy righted legal entity."  Doc. 3 at 1; Doc. 4 at 2-3.  He mentions the "insurance company used in the Miller-Act bond on the account F99-36899" and complains of "fraud using his credit" and his "birth trust fund" and the perjured testimony of the jurors and grand jurors.  Doc. 3 at 2.  Ducker also alleges that "Defendant(s) continue in fraud for illegal profit and gains and refuse to allow [him] to discharge the account while Plaintiff continues … performance of the debt[.]"  Doc. 3 at 2.  He maintains that he is improperly "used as 'Property of this State', i.e. Ward of the State."  Doc. 3 at 3.  Ducker thus asks this Court to issue an order directing his "full discharge" from confinement and monetary damages for his imprisonment since 1999.  Doc. 3 at 3-4.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed without prejudice *sua sponte*.[1]

## II. ANALYSIS

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

First, to the extent Ducker requests that this Court order state officials to act, such relief implicates the federal mandamus statute. That statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But this statute does not empower federal courts to compel state officers or state agencies to act. *See Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam) (holding federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought); *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye*, 474 F.2d at 1276)).

---

[1]Because jurisdiction is lacking, the Court need not address the deficiencies in Ducker's pleadings and require compliance with the Court's filing requirements. Because Ducker seeks, in part, mandamus relief stemming from his state conviction and habeas proceedings, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of § 1915(b)).

Second, Ducker's request for earlier or speedier release from confinement is not cognizable in either a mandamus or civil rights action under 42 U.S.C. § 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).  *See also Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a [§ 1983] action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.").  Indeed, Ducker unsuccessfully challenged his state conviction on direct appeal and post-conviction proceedings.

Third, if Ducker now seeks authorization to file a successive habeas application under 28 U.S.C. § 2254, the Court lacks jurisdiction to do so.  *See* 28 U.S.C. § 2244(b)(3); *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

Finally, Ducker's claims based on so-called sovereign citizenship are legally frivolous.

Sovereign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at \*2 (N.D. Tex. May 4, 2018) (citations omitted), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

No plaintiff or petitioner "may 'discharge' their debt, i.e., a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties'" or under the mantle of sovereign citizen. *Chineme v. Steven of Meyer Fam.*, No. 3:21-CV-1855-K-BN, 2021 WL 3816341, at \*2 (N.D. Tex. Aug. 12, 2021) (citation omitted), *rec. accepted*, 2021 WL 3810913 (N.D. Tex. Aug. 25, 2021). A bare allegation of sovereign-citizen status and that the plaintiff is beyond the jurisdiction of the state or federal courts is frivolous. *See El-Bey v. Davis*, No. 4:18-CV-704-A, 2019 WL 2870066, at \*1 (N.D. Tex. July 3, 2019) (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.")). *See also Harris v. Harris*, No. 1:17-CV-261, 2017 WL 2640095, at \*4 (N.D.N.Y. Mar. 9, 2017) ("This is not the first time that an incarcerated plaintiff has somehow attempted to 'extinguish' his criminal conviction or obtain money through the use of a 'trust' or in this case 'breach of contract' or admiralty theory." (collecting cases)), *rec. accepted*, 2017 WL 2633529 (N.D.N.Y. June 16, 2017).

For the foregoing reasons, this Court lacks jurisdiction over all of specific and construed Ducker's claims.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated *supra*, the facts as alleged in Ducker's

complaint or petition demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment.  Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

This civil action should be **DISMISSED WITHOUT PREJUDICE** in its entirety for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

**SO RECOMMENDED** on December 7, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).